UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EMPIRE BONDING AGENCY INC.,
                 Civil Action No.
             Plaintiffs,                 07 CV 5732 (GPD)

   vs.
                        ANSWER AND COUNTERCLAIM
JOE MASTRAPA,
BAIL YES INC.,
ITS FOR ALL MEDIA GROUP,
JOHN DOES 1-10,

             Defendants.
----------------------------------------------------------------X

      Defendants Joe Mastrapa, Bail Yes, Inc. and Its For All Media Group by and through their attorney Frederica Miller respectfully alleges as follows:

## PARTIES

1. Admit allegations contained in paragraphs 1-4.

2. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 5

3. Admit allegations contained in paragraph 6-7.

4. Deny allegations contained in paragraph 8.

## FACTS COMMON TO ALL COUNTS

5. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 9-11.

DEFENDANTS' CONDUCT

6. Admit allegations contained in paragraphs 12-16.

7. Deny knowledge or information sufficient to form a belief as to truth or falsity of the allegations in paragraphs 17.

8. Deny allegations contained in paragraph 18 except admits that Defendant Bail Yes refers callers to 1-800-224-5937 seeking bail bonding services in New York to AAA Discount Bail Bonds.

9. Deny knowledge or information sufficient to form a belief as to truth or falsity of the allegations in paragraphs 19.

10. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 except admit that Mastrapa received a letter from counsel for Empire and referred such letter to his former lawyer, Scott Fields, who, upon information and belief, died on or about April 2007.

11. Deny knowledge or information sufficient to form a belief as to truth or falsity of the allegations in paragraphs 21, except admit that Defendant Mastrapa received a letter from Empire's counsel sometime in April 2007 and that he caused the content on the website <empirebailbonds.com> to be removed shortly thereafter.

## COUNT ONE: TRADEMARK INFRINGEMENT

12. Deny allegations in paragraphs 22-29.

## COUNT TWO: CYBERSQUATTING

13. Deny allegations in paragraphs 30; 33-35

14. Deny allegations in paragraph 32 except admit that in the WIPO arbitration and Mediation Center case, *Spencer Douglass MGA v. Bail Yes Bonding* a panel consisting of a single arbitrator appointed by WIPO ordered Mastrapa to transfer the domain name <aladidinbailbonding.com> to Spencer Douglass, MGA.

## COUNT THREE: COMMON LAW UNFAIR COMPETITION

15. Deny allegations in paragraphs 36-42.

## COUNT FOUR: VIOLATION OF SECTION 349 OF THE NEW YORK GENERAL BUSINESS LAW

16. Deny allegations in paragraphs 43-51.

## FIRST AFFIRMATIVE DEFENSE

17. Plaintiff's marks are not distinctive.

SECOND AFFIRMATIVE DEFENSE

18. Plaintiff has not defended or protected the marks in questions.

THIRD AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred by the doctrine of fair use, estoppel, waiver, laches and/or acquiescence.

FOURTH AFFIRMATIVE DEFENSE

20. No actual injury or damage was caused to the Plaintiff as a result of Defendants alleged conduct.

FIFTH AFFIRMATIVE DEFENSE

21. Defendants' alleged actions have not been deceptive or misleading in a material way.

SIXTH AFFIRMATIVE DEFENSE

22. The State law counts asserted by Plaintiff are preempted by federal law.

SEVENTH AFFIRMATIVE DEFENSE

23. Plaintiff is not entitled to special damages because such damages have not been specifically pled.

EIGHTH AFFIRMATIVE DEFENSE

24. Defendant Mastrapa is not individually liable because a corporation is a separate entity designed to avoid personal liability.

NINTH AFFIRMATIVE DEFENSE

25. The complaint fails to state a claim upon which relief can be granted.

COUNTERCLAIM FOR BREACH OF CONTRACT

26. Defendants repeat, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if fully and at length set forth herein.

27. This Court has supplemental jurisdiction pursuant to 28 USC Sections 1338 and 1367 with respect to the claims arising under the laws of the State of New York.

28. On information and belief, Michelle Esquinazi [hereinafter "Esquinazi"] is the owner of Empire Bonding Agency, Inc, Plaintiff herein.

3

29. On or around 1998, Esquinazi asked Defendant Joe Mastrapa to assist her in becoming a bail bond producer.

30. On or around 1999, an agency agreement was signed between Esquinazi and Mastrapa where Mastrapa was the general agent and Esquinazi was the sub-agent.

31. Around the same time, at the request of Esquinazi, Jason Fordin, the nephew of Esquinazi, signed an agency agreement wherein Mastrapa was the general agent and Fordin was a sub-agent of Mastrapa and a sub-agent of Esquinazi.

32. As part of the above referenced agency agreements, Esquinazi agreed to exercise such care, judgment and diligence and to maintain control and supervision of bonded persons so as to operate a profitable business and, among other things, to avoid a loss for Mastrapa as general agent.

33. As part of the above referenced agency agreement, Esquinazi was required to notify Mastrapa of bond forfeitures wherein Mastrapa was the general agent.

34. As part of the agency agreement, Esquinazi agreed to indemnify and hold Mastrapa harmless for all losses incurred in the aforementioned relationship.

35. On information and belief, on or around 2000, approximately five bonds written by Fordin as sub-agent of Esquinazi were forfeited, totaling approximately $63,500.

36. On information and belief, Esquinazi breached her agreement with Mastrapa by failing to notify him of such forfeiture.

37. On information and belief, Mastrapa was not made aware of such forfeitures until on or around 2005.

38. On information and belief, Mastrapa as the general agent was liable for the forfeitures of Esquinazi and/or Fordin and has been damaged in the approximate amount of $90,000.

PRAYER FOR RELIEF

WHEREFORE, Defendants demand judgment against Plaintiffs as follows:

A. Dismissal of the Complaint in its entirety;

B. Monetary damages;

C. Attorneys fees;

D. Awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 10, 2007

                                               / s /
                                  Frederica L. Miller (FM-6746)
                                  Attorney for Defendants
                                  Joe Mastrapa, Bail Yes Inc. and
                                  Its For All Media Group
                                  299 Broadway, Suite 800
                                  New York, NY 10007
                                  Tel. 212-661-6844