**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EMPIRE BONDING AGENCY, INC., *Plaintiff,* v. JOE MASTRAPA, BAIL YES, INC., ITS FOR ALL MEDIA GROUP, and DOES 1 through 10 *Defendants.* | Civil Action No. 07 CV 5732 (GBD/DFE) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

GOTTLIEB, RACKMAN & REISMAN, P.C.
George Gottlieb, Esq.
Marc P. Misthal, Esq.
Yuval H. Marcus, Esq.
270 Madison Avenue
New York, New York 10016
(212) 684-3900
Counsel For Plaintiff

Plaintiff and counterclaim-defendant Empire Bonding Agency, Inc. ("Empire") respectfully submits this Memorandum of Law in support of its motion to dismiss defendants and counterclaim-plaintiffs Joe Mastrapa's, Bail Yes Inc.'s and It's For All Media Group's Counterclaim pursuant to Fed. R. Civ. P. 12(b) (6).

## **INTRODUCTION**

This is an action for trademark infringement and cybersquatting relating to defendants' infringing use of plaintiff's trademark EMPIRE in connection with bail bonding services and their unauthorized registration and use of the following domain names that incorporate plaintiff's EMPIRE trademark: <empirebailbonds.com>, <empirebailbonding.com> and <empirestatebailbonds.com>.

Defendants have asserted a counterclaim for "Breach of Contract" purportedly against the plaintiff, Empire. None of the facts alleged in the Counterclaim, however, relate to any actions taken by Empire. Indeed, the only allegations of any wrongdoing in the Counterclaim relate to the actions of a person who is not a party to this action and are completely unrelated to the claims asserted by plaintiff. This motion seeks the dismissal of defendants' counterclaim. As discussed below, dismissal of the counterclaim is appropriate because defendants have failed to comply with Fed. R. Civ. P. 13 because the counterclaim does not allege or state any claim against the plaintiff, Empire. Since the allegations of the Counterclaim are insufficient to state a claim against the plaintiff, Empire, the Court should grant Empire's motion.

1

## I. THE ALLEGATIONS OF THE COUNTERCLAIMS

Empire and its affiliated companies are a family owned bail bonding agency that has been in operation since 1999 and have been duly licensed by the New York State Insurance Department. Empire and its affiliated companies have been highly successful and currently have locations in Queens, Staten Island, Brooklyn, Nassau and Suffolk counties. (Complaint, ¶ 9).

In their counterclaim, defendants' allege that Michelle Esquinzi is the owner of Empire. (Counterclaim, ¶ 28). They then proceed to allege facts that relate to certain business transactions that occurred in the years 1998-2000 between Ms. Esquinazi and defendant counter-plaintiff Joe Mastrapa, but which do not relate to Empire. (Counterclaim, ¶¶ 29-36). In particular, the counterclaim alleges that in 1999, Ms. Esquinazi and Mr. Mastrapa entered into a bail bonding agency agreement. (Counterclaim, ¶¶ 29-30). Mr. Mastrapa also allegedly entered into an agreement with Ms. Esquinazi's nephew, Jason Fordin, where Mastrapa was the general agent and Fordin was a sub agent. (Counterclaim, ¶ 31). According to defendants, Esquinazi was responsible to notify Mastrapa of any bond forfeitures where Mastrapa was the general agent and to indemnify him for any losses. (Counterclaim, ¶¶ 32-34). Defendants further allege that because five bonds written by Fordin with Mastrapa as general agent were forfeited in the amount of $63,500, "Esquinazi breached her agreement with Mastrapa by failing to notify him of such forfeiture." (Counterclaim, ¶¶ 35-36). As a result of such breach by Esquinazi, (which Mastrapa claims he was not aware of until 2005) Mastrapa claims to have been damaged "in the approximate amount of $90,000." (Counterclaim, ¶¶ 36-38).

2

## II.  STANDARD OF REVIEW FOR A MOTION TO DISMISS

The purpose of a motion to dismiss pursuant to Rule 12 (b) (6) is to assess the sufficiency of the allegations of the pleading.  <u>Sims v. Artuz,</u> 230 F.3d 14, 20 (2d Cir. 2000).  In determining whether the pleading is legally sufficient, the material facts alleged in the pleading are presumed to be true and all factual inferences must be drawn in the nonmoving party's favor and against the moving party.  <u>Branham v. Meachum,</u> 77 F.3d. 626, 628 (2d Cir. 1996).  A court should dismiss a pleading pursuant to Rule 12 (b) (6) where, as here, it appears beyond a doubt that the nonmoving party can prove no set of facts in support of its claim which would entitle it to relief.  <u>Shepard Industries, Inc. v. 135 East 57th Street, LLC,</u> 1999 U.S. Dist. LEXIS 14431, *7 (S.D.N.Y. Sept. 15, 1999).

## III.  DEFENDANTS FAIL TO PROPERLY PLEAD A COUNTERCLAIM FOR BREACH OF CONTRACT AGAINST PLAINTIFF EMPIRE

Counterclaims are governed by Rule 13 of the Federal Rules of Civil Procedure which provides, in relevant part: "A pleading shall state as a counterclaim any claim which at the time of the serving of the pleading the pleader has against any <u>opposing party</u>. . . ." (Emphasis added).  Thus, a counterclaim may only be asserted against an "opposing party", namely one who is already a party in the action.  "A counterclaim . . . may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party."  <u>Lisa B., Inc. v. Reilly Co., Inc.</u>, No. 90 Civ. 1583, 1991 U.S. Dist. LEXIS 5468 (S.D.N.Y. Apr. 24, 1991) quoting, 6 Wright and Miller, <u>Federal Practice and Procedure</u> 1435 at 270-71 (1990).

A counterclaim should be dismissed, where, as here, the allegations in the counterclaim are not asserted against the plaintiff but rather against a person or entity that is not a party to the action. For example, in MII Exports, Inc. v. Feingold, No. 90-3224, 1990 U.S. Dist. LEXIS 13045 (E.D. Pa. Oct. 2, 1990), the Court dismissed a counterclaim asserted by a defendant based on facts similar to those here. The Court's analysis is instructive:

> MII further contends that Feingold's counterclaims must be dismissed because they involve claims lodged solely against the additional parties and not against the original party. All counterclaims are initially limited to existing "opposing parties." Penguin, 39 Fed.R.Serv.2d at 871, citing 3 Moore's Federal Practice para. 13.06[1] (2d ed. 1983). Thus, an additional party may not be joined to an action by asserting a counterclaim that is not asserted against an original party. Id; See also Arch. Coatings Assoc. v. Applied Coatings Int'l, 103 F.R.D. 442, 446 (E.D.Pa. 1984). MII argues that count III of counterclaim I, counterclaim II, count II of counterclaim III and count II of counterclaim VI should be dismissed on this ground.
>
> A review of the pleadings shows that Feingold's allegation in counterclaim II that Keytank and Keystone interfered with his contract does not constitute a claim against MII. Neither Keytank nor Keystone is an original party to the suit. Therefore, this counterclaim must be dismissed.

The facts here are very similar. The allegations asserted by defendants in their Counterclaim that Ms. Esquinazi breached an agreement with defendant Mastrapa do not state a claim against the plaintiff Empire. The Counterclaim is devoid of any allegations of any wrongdoing whatsoever by Empire. There is no allegation that Empire breached a contract or that it was even a party to a contract. Accordingly, since there are no allegations of a breach of contract by the plaintiff, Empire, defendants' counterclaim for breach of contract should be dismissed.

**CONCLUSION**

For the reasons set forth, Empire's motion to dismiss the Counterclaim should be granted.

                Respectfully submitted,

                GOTTLIEB, RACKMAN & REISMAN, P.C.
                George Gottlieb, Esq. (GG-5761)
                Marc P. Misthal, Esq. (MM-6636)
                Yuval H. Marcus, Esq. (YM-5348)
                Attorneys for Plaintiff
                270 Madison Avenue
                New York, New York 10016
                (212) 684-3900

                By:    s/ George Gottlieb/
                      George Gottlieb (GG-5761)

Dated:      October 18, 2007
                New York, New York